PEOPLE v MASSEY

Docket No. 179352. Submitted October 11, 1995, at Detroit. Decided March 1, 1996, at 9:05 A.M. Leave to appeal sought.

Larry Massey was charged in the Recorder's Court for the City of Detroit with possession with intent to deliver more than 225 but less than 650 grams of cocaine. The defendant brought a motion seeking to suppress the evidence, alleging that the evidence was obtained as a result of an illegal and unconstitutional search. The trial court, Prentis Edwards, J., denied the motion. The Court of Appeals, GRIFFIN, P.J., and HOLBROOK, JR., and WEAVER, JJ., granted the defendant leave to appeal the denial of his motion and entered an order staying the proceedings in the trial court. Unpublished order of the Court of Appeals, entered November 30, 1994 (Docket No. 179352).

The Court of Appeals *held:*

1. The police officer's search of the contents of the defendant's jacket pocket, which had made a bulge that the officer thought might be a weapon, was not justified under the limited scope of the "plain feel" exception to the warrant requirement of the Fourth Amendment of the United States Constitution.

2. The police officers' stop of the vehicle in which the defendant was a passenger was lawful, and the observation of a bulge in the defendant's jacket pocket at the waist justified a patdown search pursuant to *Terry v Ohio,* 392 US 1 (1968). However, when the officer conducting the search learned that the object was not a weapon, and the officer only had some idea that the object might be a controlled substance, the officer's continued search was no longer constitutional. The seizure of the bag from the pocket was illegal and the contents of the bag must be suppressed as evidence against the defendant.

Reversed.

O'CONNELL, J., dissenting, stated that the trial court's denial of the defendant's motion to suppress the evidence was not clearly erroneous and should be affirmed. The officer who conducted the patdown search felt an object that his experience

REFERENCES

Am Jur 2d, Searches and Seizures §§ 51, 55, 164, 172, 191.
See ALR Index under Search and Seizure.

led him to believe was cocaine. It was immediately apparent to the officer that the defendant was in possession of narcotics. The fact that the officer had to remove the item from the jacket pocket to confirm his initial impression does not affect the fact that the identity of the item was immediately apparent. The plain feel doctrine permits an officer to seize an object if its incriminating character is immediately apparent during a lawful protective patdown search. Here, the police officer had probable cause to believe that the defendant was in possession of narcotics.

SEARCHES AND SEIZURES — AUTOMOBILES — PATDOWN SEARCHES.

A police officer who makes a lawful stop of a vehicle and observes a bulge in a passenger's pocket that the officer fears may be a weapon may conduct a patdown search; when the search reveals that the object causing the bulge is not a weapon and the officer only suspects that the object is narcotics, but cannot confirm that suspicion without removing the object from the pocket, the officer may not continue the search and any evidence found in a continued search must be suppressed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janice Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Karri Mitchell,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and O'CONNELL and J. R. GIDDINGS,* JJ.

MICHAEL J. KELLY, P.J. Defendant was a front-seat passenger in an automobile stopped by police in the City of Detroit for exceeding the speed limit. The two officers from the patrol car approached the vehicle from the front. Officer Dwayne Jackson approached the passenger side of the car and recognized defendant as a man he had known for several years as a schoolmate of his brother. While

---

* Circuit judge, sitting on the Court of Appeals by assignment.

at the vehicle and speaking with defendant, Officer Jackson noticed a bulge in defendant's jacket pocket in the area of his waist. For his protection and the protection of his fellow officer, the defendant was asked by Officer Jackson to step from the car for a patdown search for weapons. Defendant complied with the officer's request, got out of the vehicle and submitted to the patdown search.

As the officer proceeded with the patdown search, he placed his fingers around the bulge and immediately realized it was not a weapon. The officer thought it might be narcotics. At a hearing regarding the defendant's motion to suppress the evidence, the officer testified: "When I touched it, I had some idea what it was." The officer then removed the object creating the bulge from defendant's pocket and, upon inspection, found it to be a brown paper bag that was open. Inside was a clear plastic bag containing narcotics.

Defendant was charged with possession with intent to deliver over 225 but less than 650 grams of cocaine. MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). Before trial, defendant moved to suppress the evidence, alleging the evidence was obtained by an illegal and unconstitutional search. The trial court denied the motion, and this Court granted leave to appeal.

We review a trial court's decision regarding a motion to suppress evidence under the clearly erroneous standard. *People v Burrell,* 417 Mich 439; 339 NW2d 403 (1983). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Kurylczyk,* 443 Mich 289, 303; 505 NW2d 528 (1993); *People v Burrell, supra.* It does not appear to us that the officer's search of the contents of defendant's jacket pocket was justified under the limited scope of the "plain feel" excep-

tion to the warrant requirement of the Fourth Amendment of the United States Constitution.

A review of the testimony at the hearing regarding the motion to suppress the evidence establishes a lawful stop of the vehicle in which defendant was riding as a passenger. The observation of defendant and the other passengers in the vehicle by Officer Jackson, while the driver was being interviewed regarding the civil infraction of exceeding the speed limit, was appropriate. Officer Jackson's observation of the bulge in defendant's jacket pocket at the waist justified a patdown search. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

However, when Officer Jackson conducted the patdown search of defendant, he quickly learned that the object creating the bulge in the pocket was not a weapon; he became suspicious that the object was narcotics. To confirm his suspicion, he removed the object from the pocket and found it to be a brown paper bag, open at the top. He looked in the bag and saw a clear plastic bag that contained a substance that he believed to be a narcotic. The contents of the bags were seized and defendant was arrested.

Defendant claims that the patdown search didn't make the identity of the object causing the lump immediately apparent to the officer, though he had some idea what it was. When he knew it wasn't a weapon and when he had only some idea of what it was, his continued search was no longer constitutional. The seizure of the brown paper bag was illegal and its contents must be suppressed as evidence against defendant. *Minnesota v Dickerson,* 508 US 366; 113 S Ct 2130; 124 L Ed 2d 334 (1993); *People v Champion,* 205 Mich App 623; 518 NW2d 518 (1994).

Reversed.

J. R. GIDDINGS, J., concurred.

O'CONNELL, J. *(dissenting)*. The sole issue on appeal is whether the trial court properly denied defendant's motion to suppress evidence. A trial court's ruling with regard to a motion to suppress evidence is entitled to deference unless there is clear error on the part of the trial court. *People v Burrell*, 417 Mich 439, 448; 339 NW2d 403 (1983). Because the trial court's decision was not clearly erroneous, I would affirm the trial court's decision.

I

Two Detroit police officers stopped a vehicle in the City of Detroit for speeding at 8:00 P.M. on April 6, 1994. Defendant was a passenger in the front seat of the vehicle. Officer Dwayne Jackson confronted defendant and Jackson's partner approached the driver. Jackson looked into the window and noticed a bulge in the waist area of defendant's jacket. Thinking that defendant might be armed, Jackson asked him to get out of the vehicle and he conducted a patdown search of the bulge. There, he "felt a rock hard lumpy substance in his pocket," which, on the basis of the officer's experience, he thought was "cocaine, narcotics." He could not confirm the presence of narcotics until he removed a bag from defendant's jacket and found in it "an off-white lumpy substance in a clear plastic bag inside of a brown paper bag." During the patdown search, the object creating the bulge felt "almost like a baseball . . . one big lump." However, the object was "smaller than a baseball."

The trial court denied defendant's motion to suppress the evidence, concluding the officer lawfully seized the drugs pursuant to the plain feel

doctrine. See *Minnesota v Dickerson,* 508 US 366;
113 S Ct 2130; 124 L Ed 2d 334 (1993).

The trial court stated:

> Here we have a situation where the police
> stopped, and it appears rightfully patted down,
> and the officer here, Officer Jackson, said he felt
> something that to him it felt like some narcotics.
> He said he felt a bulge and then he felt what felt
> like some crumbs and to him that felt like narcot-
> ics, and based on his experience he assumed that it
> was narcotics.

We granted defendant's application for leave to
appeal and stayed proceedings in the trial court.

II

In *Dickerson, supra,* p 375, the Court stated that
"[i]f a police officer lawfully pats down a suspect's
outer clothing and feels an object whose contour or
mass makes its identity immediately apparent,
there has been no invasion of the suspect's privacy
beyond that already authorized by the officer's
search for weapons."

In the present case, Officer Jackson conducted a
patdown search for his safety. The patdown search
was justified and is not challenged on appeal.
*Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d
889 (1968). The patdown did not go beyond the
outer clothing in a search for weapons. The officer
felt a hard ball-shaped object with pieces broken
off, which, in his experience, he believed to be
cocaine. Officer Jackson testified "that he felt
something that to him felt like some narcotics." In
other words, it was "immediately apparent" to
Officer Jackson that defendant was in possession of
narcotics.

The fact that the police officer had to remove the item from defendant's jacket to confirm his initial impression does not affect its identity as being "immediately apparent." "Immediately apparent" means having probable cause without further search. As stated in *United States v Schiavo,* 29 F3d 6, 9 (CA 1, 1994):

> During a lawful *Terry*-type search, police officers may seize an object in "plain view" without a warrant if they have probable cause to believe it is contraband without conducting some further search of the object, i.e., if its incriminating character is "immediately apparent." *Dickerson* at —, 113 S Ct at 2136-37. Likewise, the "plain feel" doctrine permits an officer to seize an object, if its incriminating character is immediately apparent during a lawful protective pat-search. *Id.* at —, 113 S Ct at 2137-38.

Here, the trial court found that "based on his [law enforcement] experience [Officer Jackson] assumed it was narcotics." In other words, the police officer had probable cause to believe that defendant was in possession of narcotics. The trial court's decision is not clearly erroneous.

III

Defendant argues that the search violated *People v Champion,* 205 Mich App 623; 518 NW2d 518 (1994), because the officer was not absolutely certain what the object was and had to remove it from defendant's pocket before he was certain. The facts of this case are clearly distinguishable from *Champion, supra.* However, I write further to say *Champion* was wrongly decided.

In *Champion,* the suspicious object was a pill bottle that the officer felt in the defendant's groin

area during a *Terry* patdown search.[1] This Court pointed out that "[m]erely from feeling the contours of a pill bottle, the officer was able to conclude that defendant carried a pill bottle, not that he carried contraband. . . . [I]t was his visual inspection of the pill bottle, after removing it from defendant, rather than its 'plain feel' that revealed the contents to be cocaine." *Champion, supra*, p 632.

I agree that the item that was "immediately apparent" was a pill bottle and that, in and of itself, this would not give a police officer probable cause to search. However, a pill bottle located in a person's groin area does give the police officer probable cause to search. A police officer of reasonable caution would be justified in removing the pill bottle from the defendant's groin area.

Applying the reasoning of the *Champion* majority to the following hypothetical illustrates its flawed reasoning: Police conduct a patdown search of a suspect and feel a gun holster (the container) strapped to the suspect's leg. Applying the *Champion* logic, this is not probable cause to search, because it is not "immediately apparent" that the suspect has a gun. It is only immediately apparent that he has a holster. This logic is flawed and could have serious ramifications.

The correct application would be to consider the totality of the circumstances of each situation. Considering the totality of the circumstances surrounding *Champion* and the present case reveals no violation of the Fourth Amendment of the United States Constitution. I would find that feeling a "pill bottle in defendant's groin" or a holster strapped to a suspect's leg, although both are containers, does give the police officer probable

---

[1] We note that most police officers would find it suspicious to find a pill bottle in this location.

cause to search. However, a pill bottle in a suspect's purse would be a substantially different issue.

I find no clear error on the part of the trial court. *Burrell, supra,* p 448.

I would affirm the trial court's decision.