PEOPLE v MASSEY (ON REMAND)

Docket No. 197677. Submitted September 16, 1996, at Lansing. Decided November 12, 1996, at 9:10 A.M.

Larry Massey was charged in the Detroit Recorder's Court with possession with intent to deliver more than 225 but less than 650 grams of cocaine. The defendant had been a passenger in an automobile that the police had stopped for speeding. The defendant had complied with a police officer's request to step out of the automobile and submit to a patdown search. While patting the defendant's jacket, the officer had felt a bulge in a pocket but could not identify the object creating the bulge until he took the item out of the pocket. The item turned out to be a paper bag containing cocaine. The court, Prentis Edwards, J., denied a suppression motion by the defendant. The defendant appealed by leave granted. The Court of Appeals, MICHAEL J. KELLY, P.J., and J. R. GIDDINGS, J. (O'CONNELL, J., dissenting), reversed, holding that the police officer's search of the contents of the defendant's jacket pocket was not justified under the limited scope of the "plain feel" exception to the warrant requirement of the Fourth Amendment of the United States Constitution. 215 Mich App 639 (1996). The Supreme Court, in lieu of granting leave, remanded for reconsideration by the Court of Appeals in light of People v Champion, 452 Mich 92 (1996). 453 Mich 972 (1996).

On remand, the Court of Appeals held:

In Champion, the Supreme Court held that the permissible scope of a patdown search is strictly limited to that reasonably designed to discover guns, knives, clubs, or other hidden instruments that could be used to assault an officer and that the plain feel exception to the warrant requirement allows the seizure without a warrant of an object felt during a legitimate patdown search for weapons when the identity of the object is immediately apparent and the officer has probable cause to believe that the object is contraband.

In this case, the identity of the item that created a bulge in the pocket of the defendant's jacket was not immediately apparent to the police officer who conducted the patdown and the circumstances did not provide the officer with probable cause to believe that the item was contraband.

Reversed.

O'CONNELL, J., dissenting, stated that an object felt during an authorized patdown search may be seized without a warrant if the incriminating character of the item is, as it was in this case, immediately apparent, i.e., if the officer develops probable cause to believe that the item felt is contraband before going beyond the legitimate scope of the patdown search. "Immediately apparent" means having probable cause without further search and is not akin to a degree of suspicion that approaches near certainty.

SEARCHES AND SEIZURES — PATDOWN SEARCHES — PLAIN FEEL.

The permissible scope of a patdown search is strictly limited to that reasonably designed to discover guns, knives, clubs, or other hidden instruments that could be used to assault an officer; the plain feel exception to the warrant requirement of the Fourth Amendment of the United States Constitution allows the seizure without a warrant of an object felt during a legitimate patdown search for weapons when the identity of the object is immediately apparent and the officer has probable cause to believe that the object is contraband (US Const, Am IV).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Janice M. Joyce Bartee*, Assistant Prosecuting Attorney, for the people.

*Karri Mitchell*, for the defendant.

ON REMAND

Before: MICHAEL J. KELLY, P.J., and O'CONNELL and WAHLS, JJ.

MICHAEL J. KELLY, P.J. This Court originally visited this case in a published opinion, 215 Mich App 639; 546 NW2d 711 (1996). The Supreme Court remanded the case to this Court on August 30, 1996, "for reconsideration in light of *People v Champion*, 452 Mich 92 [549 NW2d 849] (1996)." 453 Mich 872.

We have distinguished the facts in this case from the facts underlying the Supreme Court's decision in *Champion* and again reverse.

For the applicable facts see our opinion at 215 Mich App 639.

In *People v Champion, supra,* the Michigan Supreme Court interpreted the plain feel doctrine. The Court stated that the permissible scope of a patdown search under *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), is strictly limited "to that reasonably designed to discover guns, knives, clubs, or other hidden instruments that could be used to assault an officer." *Id.,* p 99. The plain feel exception to the warrant requirement allows "the seizure without a warrant of an object felt during a legitimate patdown search for weapons when the *identity of the object is immediately apparent and the officer has probable cause to believe that the object is contraband." Id..,* pp 99-101 (emphasis in original). The degree of certainty required for plain feel seizures is probable cause. *Id.,* p 108.

In applying the doctrine to the facts of that case, the Court concluded from the totality of the circumstances that the officer had probable cause to believe that a pill bottle tucked inside the defendant's garment near the groin contained contraband. *Id.,* p 111. The Court found that the following facts supported its conclusion:

> (1) The defendant got out of his car and walked away upon seeing the patrol car and uniformed officers, (2) Officer Todd recognized defendant and knew of his previous drug and weapons convictions, (3) the officers were in a high drug crime area, (4) the defendant had his hands tucked inside the front of his sweatpants while walking

away from the officers and refused to take his hands out of his sweatpants after being repeatedly asked to do so, and (5) Officer Todd, having had twenty years experience as a police officer, was aware that contraband, and in particular controlled substances, were often carried in the type of pill bottle that he felt on defendant's person [*Id.*, pp 111-112.]

The Court then concluded:

We cannot imagine that any reasonable person in Officer Todd's position, given all of the above circumstances, could have concluded that Mr. Champion was carrying prescription medication, or any other legitimate item, in the pill bottle in his groin region. [*Id.*, p 112.]

Here, the facts are significantly different from those in *Champion*. In *Champion*, the defendant had gotten out of his car and was walking away when the police caught up to him. Here, the defendant was seated in the passenger side of the car when the police approached it. Indeed, another individual had gotten out of the car and walked into the party store on whose parking lot the car was parked. Defendant made no attempt to follow this other individual. In contrast to *Champion*, there is no evidence that defendant fled from the police.

In *Champion*, the officer knew that the defendant had previous drug and weapon convictions. Here, the officer recognized defendant as a schoolmate of his brother, but did not mention any prior drug or weapon convictions.

In *Champion*, the officers were in a high drug crime area. Here, the officers undertook a routine traffic stop in the area of Patton and Joy Roads in Detroit. There was no testimony regarding whether there was a lot of crime in the area. The driver did

not pull over instantly but proceeded into a party store parking lot.

In *Champion*, the defendant had his hands tucked inside his sweatpants and refused to take his hands out despite being repeatedly asked to do so. Here, there is no evidence of any suspicious behavior by defendant or any evidence of a refusal to cooperate with the police.

In *Champion*, the officer was aware that contraband was often carried in the type of pill bottle that he felt when he conducted a patdown search of the defendant. That Court held that no reasonable person could have concluded that the defendant was carrying a legitimate item in a pill bottle in his groin region. The Court relied heavily on the fact that the pill bottle had been found in the defendant's groin area:

> We emphasize that courts applying the plain feel exception must appreciate the totality of the circumstances in the given case. [*Minnesota v Dickerson*, 508 US 366; 113 S Ct 2130; 124 L Ed 2d 334 (1993)] requires an in-depth examination of probable cause. We therefore caution that our holding is limited to the facts before us. For instance, *if the pill bottle in Mr. Champion's possession had been found in his jacket pocket*, or if Mr. Champion had not had his hands inside his sweatpants and he had no pockets in which to carry a pill bottle, *the result may have been different.* [*Id.*, pp 112-113 (emphasis supplied).]

Here, the contraband was found not hidden in defendant's inner garments, but in the pocket of his jacket. Initially, the officer was not certain of the identity of the lumpy item. He testified:

> *Q.* I'll get to that next. Okay. All right. But when you patted him down you didn't know what was in his pocket, did you?

*A.* I had no idea.

*Q.* Okay, you had no idea?

*A.* Right.

*Q.* Until you took it out of his pocket, correct?

*A.* When I touched it, I had some idea what it was.

*Q.* But you didn't know?

*A.* I wasn't sure, right.

*Q.* So, you had to take it out of his pocket to know what it was, correct?

*A.* Yes.

The facts in this case are similar to those in *Dickerson, supra,* upon which the *Champion* Court relied. In *Dickerson,* the Court applied the plain feel doctrine but held that probable cause was not established by the permissible *Terry* search. The officers had stopped the defendant after he had made seemingly evasive actions upon seeing the police. A patdown search did not reveal any weapons, but did disclose a small lump in the defendant's jacket. The United States Supreme Court relied on the Minnesota Supreme Court's finding that "the officer determined that the lump was contraband only after 'squeezing, sliding and otherwise manipulating the contents of the defendant's pocket'—a pocket which the officer already knew contained no weapon." 508 US 378. Here, on the basis of the totality of the circumstances, the officer did not have probable cause to believe that defendant had contraband until after he pulled the object from defendant's jacket pocket. Unlike in *Champion,* here a reasonable person could have concluded that defendant was carrying a lawful item in his jacket pocket.

To revisit the analogy drawn by our brother in his original dissent between a pill bottle and a holster

strapped to a suspect's leg, presumably under his trousers, we believe that a reasonable frisk or a patdown would determine whether such a holster was empty or contained a weapon. We believe that neither the pill bottle analogy nor the holster analogy can be stretched to cover the lump in defendant's jacket. Had it been in his groin we would probably be persuaded otherwise.

The seizure of the brown paper bag was constitutionally impermissible and evidence of its contents must be suppressed.

Reversed.

WAHLS, J., concurred.

O'CONNELL, J. (*dissenting*). I respectfully dissent.

The present case is on all fours[1] with the "plain feel" exception to the search warrant requirement annunciated in *Minnesota v Dickerson*, 508 US 366; 113 S Ct 2130; 124 L Ed 2d 334 (1993). The majority's energy would have been better spent applying this legal principle, as adopted by our Supreme Court in *People v Champion*, 452 Mich 92; 549 NW2d 849 (1996), to the facts of the present case rather than attempting to distinguish factually the present case from *Champion*.

The Supreme Court remanded this case to our Court in light of their recent decision in *Champion*.

---

[1] By "all fours" I mean that, factually, this case is the poster case for the plain feel exception. The only clearer example of the necessity for a plain feel exception to the search warrant requirement would be a situation involving an officer's seizure of a firearm. However, so clear would this example be that it would not generate the discussion, and disagreement, that the present case, *Minnesota v Dickerson*, 508 US 366; 113 S Ct 2130; 124 L Ed 2d 334 (1993), and *People v Champion*, 452 Mich 92; 549 NW2d 849 (1996), have inspired.

In *Champion, supra,* pp 105-106, the Court stated as follows:

> [A]n object felt during an authorized patdown search may be seized without a warrant if the item's incriminating character is immediately apparent, i.e., if the officer develops probable cause to believe that the item felt is contraband before going beyond the legitimate scope of the patdown search.

The majority iterates this rule of law, but then misconstrues "immediately apparent" to mean something akin to "a degree of suspicion that approaches near certainty." Unfortunately, numerous courts have made this same error. See *Champion, supra,* p 106. A police officer does not have to be one hundred percent certain that the item is contraband. "Immediately apparent" does not mean "near certainty," it means having probable cause without further search. By effectively applying the "near certainty" test, the majority makes the same error that this Court made in *People v Champion,* 205 Mich App 623; 518 NW2d 518 (1994), rev'd 452 Mich 92; 549 NW2d 849 (1996).

In my previous dissent in this case, I stated the following:

> Officer Jackson conducted a patdown search for his safety. The patdown search was justified and is not challenged on appeal. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). The patdown did not go beyond the outer clothing in a search for weapons. The officer felt a hard ball-shaped object with pieces broken off, which, in his experience, he believed to be cocaine. Officer Jackson testified "that he felt something that to him felt like some narcotics." In other words, it was "immediately apparent" to Officer Jackson that defendant was in possession of narcotics.

> The fact that the police officer had to remove the item
> from defendant's jacket to confirm his initial impression
> does not affect its identity as being "immediately apparent."
> "Immediately apparent" means having probable cause with-
> out further search. [215 Mich App 644-645.]

A review of the entire record, using the "totality of the circumstances" test as required by *Champion*, indicates that the trial court did not err in finding that Officer Jackson had "probable cause" to search the defendant.

The following hypothetical illustrates the majority's misapplication of the facts and its misunderstanding of the term "immediately apparent."

The police conduct a lawful patdown search of a suspect and feel a gun. The police officer believes he has probable cause to remove the gun from the suspect's coat. He removes the gun and his suspicions are confirmed. At the suppression hearing, the following hypothetical testimony occurs.

> *Q.* When you conducted the patdown search, did you
> know it was a .45 automatic?
> *A.* No.
> *Q.* Was it a .22 caliber gun?
> *A.* No.
> *Q.* Were you certain it was not a toy gun?
> *A.* No.
> *Q.* You were not certain, were you?
> *A.* No.

By isolating a portion of the lower court testimony, applying the "certainty test," and applying the majority's flawed reasoning, a court would be required to suppress the gun. *Champion* does not require a "certainty test," nor this absurd result.

The plain feel doctrine requires probable cause without further search. Stated another way, "immediately apparent" means the officer must have probable cause to believe that the item is contraband before going beyond the legitimate scope of the patdown search. *Champion, supra,* p 106.

In the present case, the majority dissects the transcript and locates language to indicate that Officer Jackson was not one hundred percent certain that the object felt was cocaine. In this regard, the officer should be applauded for his honesty. However, this does not diminish the fact that the trial court determined that on the basis of the totality of the circumstances, not just a portion of the transcript, there existed probable cause to search.

In the present case, the trial court stated:

> Here we have a situation where the police stopped, and it appears rightfully patted down, and the officer here, Officer Jackson, said he felt something that to him felt like some narcotics. He said he felt a bulge and then he felt what felt like some crumbs and to him that felt like narcotics, and based on his experience he assumed that it was narcotics.

As I stated in my prior dissent:

> A trial court's ruling with regard to a motion to suppress evidence is entitled to deference unless there is clear error on the part of the trial court. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983). Because the trial court's decision was not clearly erroneous, I would affirm the trial court's decision. [215 Mich App 643.]

I reaffirm my original dissent.[2]

---

[2] The Supreme Court in *Champion, supra,* pp 106-107, n 8, cited with approval the original dissent in the present case.